## PLEASANT M. BLACKSTONE *v*. HIS CREDITORS.

In contests between the creditors of an insolvent, the confessions or acknowledgments of the latter are not evidence. Such declarations are presumed to be fraudulent.

Where the vendors of slaves have left them for a number of years in the possession of the vendee, without taking any steps to preserve their privilege, they cannot assert it to the prejudice of creditors who have obtained judgments against him, or received special mortgages from him. C. C. 3238.

APPEAL from the District Court of Catahoula, *Willson,* J.

*Mayo*, for the insolvent.

*McGuire*, for the appellants.

MORPHY, J. Lancaster, Denby & Co., and S. W. Oakey & Co., creditors of the insolvent, have appealed from a judgment dismissing their opposition to the tableau of distribution filed by the syndic. They claimed under article 722 of the Code of Practice, a privilege upon certain immoveable property and slaves, levied upon by them previous to the filing of the insolvent's schedule. The record shows that the property seized was subject to judicial mortgages of an older date than theirs, and to a special mortgage in favor of L. Lastrapes, Desmare & Co. Although the law allows to the seizing creditor a privilege over the ordinary creditor, as a reward for his diligence, it clearly does not entitle him to be paid in preference to creditors holding prior liens or mortgages.

The appellants Lancaster, Denby & Co. have claimed, besides, the vendor's privilege on the proceeds of certain slaves, which they say were sold by them to Blackstone, who gave drafts for the price upon the firm of Wilkinson, McNeil & Co. of Natchez, who accepted the drafts, but took the title to the slaves in their own name, and gave a promise in writing to the insolvent to transfer the title to him as soon as he should have paid the debt, which he never did. They aver that their debt, for which they obtained

a judgment previous to the surrender, is a part of the price of those slaves, to which the insolvent has no claim or title, until their demand be paid. The appellants offered below no evidence whatever in support of these facts, but relied exclusively on a declaration of the insolvent in his schedule, which, to a certain exteht, agrees with the statement they make in their opposition. The record shows that the insolvent has no recorded title to the slaves in question ; but it is proved that they have been in his possession since the year 1837, as his property. So early as the case of *Menendez* v. *The Syndics of Larionda*, reported in 3 Mart. 258, this court held, that, in a contest amongst the creditors, the confession or acknowledgment of the insolvent makes no proof against his creditors, because it is considered as fraudulent. We are not aware that the principle laid down in that decision, has been departed from in our subsequent adjudications. But were the appellants even permitted to avail themselves of the insolvent's declaration, it could not assist them. They do not claim the rescission of the sale, because the price has not been paid, but assert their right to a privilege as vendors, thus acknowledging the ownership of the insolvent as their vendee. After leaving the slaves a number of years in the possession of Blackstone, without taking any steps to preserve their privilege, they cannot claim it now to the prejudice of those creditors who have obtained judgments against him, or received from him special mortgages. Civ. Code, arts. 3238, 3241.

*Judgment affirmed.*